JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Richard Cohen

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Kenneth D. Berman, Esquire (215) 546-8500
Berman Legal LLC
1626 Pine Street, Philadelphia, PA 19103

## DEFENDANTS

Retail, Wholesale and Department Store International Union and Industry Pension Plan, et. al.

County of Residence of First Listed Defendant   Birmingham, Alabama
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | |    28 USC 157 |    3729(a)) |
| ☐ 140 Negotiable Instrument |    Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|   & Enforcement of Judgment |    Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |    Liability / ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine    Injury Product | |    New Drug Application | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product    Liability | | ☐ 840 Trademark |    Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |    Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending |    Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |    Product Liability / ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |    Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage |    Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury / ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury -    Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| |    Medical Malpractice |    Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |    Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☒ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |    Income Security Act |    or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |    Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence | |    26 USC 7609 |    Agency Decision |
| ☐ 245 Tort Product Liability |    Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | |    State Statutes |
| |    Employment    **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |    Other / ☐ 550 Civil Rights |    Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - | | | |
| |    Conditions of | | | |
| |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §1001 et. seq.
Brief description of cause:
ERISA denial of benefits

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE
04/05/2018

SIGNATURE OF ATTORNEY OF RECORD
*Kenneth Berman*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _1038 Camas Drive, Philadelphia, PA 19115_

Address of Defendant: _1901 10th Avenue South, Birmingham, Alabama 35205_

Place of Accident, Incident or Transaction: _Philadelphia, PA_

*(Use Reverse Side For Additional Space)*

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☒

---

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes☐ No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) _ERISA_

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, _Kenneth D. Berman_, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: _4/5/2018_   _Kenneth D. Berman_   _34921_

                                        Attorney-at-Law   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _4/5/2018_   _Kenneth D. Berman_   _34921_

                                        Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Richard Cohen | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Retail, Wholesale and Department Store International | : | NO. |
| Union and Industry Pension Plan, et. al. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X )

| | | |
|---|---|---|
| 4/5/2018 | *Kenneth D. Berman* | Richard Cohen, Plaintiff |
| **Date** | Kenneth D. Berman<br>**Attorney-at-law** | **Attorney for** |
| (215) 546-8800 | (215) 494-3544 | kberman@kdblegal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD COHEN,<br>              Plaintiff,<br>     v.<br><br>RETAIL, WHOLESALE AND<br>DEPARTMENT STORE<br>INTERNATIONAL UNION AND<br>INDUSTRY PENSION PLAN,<br>     And<br>TRUSTEES of the RETAIL,<br>WHOLESALE AND DEPARTMENT<br>STORE INTERNATIONAL UNION<br>AND INDUSTRY PENSION PLAN<br><br>              Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     Civil Action No. |

**COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY ACT**

Plaintiff Richard Cohen ("Cohen" or "Plaintiff"), by and through his undersigned counsel,
files this action under the Employee Retirement Income Security Act of 1974, as amended, 29
U.S.C. §§ 1001 et. seq. ("ERISA"), to recover Early Retirement benefits and Normal Retirement
benefits due to Plaintiff under the terms of the pension plan defined below, to enforce his rights
under the terms of the said pension plan, to clarify his rights to retroactive benefits under the terms
of the pension plan, and to costs and attorneys' fees. In support of his Complaint, Plaintiff hereby
pleads and avers as follows:

*Parties*

1.     Plaintiff, Richard Cohen, is a resident and citizen of Philadelphia, Pennsylvania.

2.     Defendant, Retail, Wholesale and Department Store International Union and Industry
Benefit and Pension Plan (the "Pension Plan" or the "Plan") is a defined benefit plan with its

1

headquarters located at 1901 10th Avenue South, Birmingham, Alabama 35205. The Plan is established pursuant to ERISA to provide retirement benefits to covered employees, retirees and their families in accordance with collective bargaining agreements between Employers and the Retail, Wholesale and Department Store Union AFL-CIO, CLC and local unions affiliated with such Union. The Plan is a multiemployer defined benefit pension plan for purposes of ERISA financed solely by employer contributions pursuant to collective bargaining agreements.

3.      Defendant, Board of Trustees (the "Board") of the Retail, Wholesale and Department Store International Union and Industry Benefit and Pension Plan, is a joint board comprised of Retail, Wholesale and Department Store Union and Employer representatives that administers the Pension Plan. As a collective board, the Trustees are the "plan administrator" and "named fiduciary" of the Pension Plan under ERISA.

4.      The Board is the "plan sponsor" of the Pension Plan under ERISA.

5.      The Board hires an Administrative Director, currently Sandi Mantooth, to keep records at the Pension Plan's main office and make benefit payments. The Administrative Director has been designated as the agent for the service of legal process under the Pension Plan.

*Jurisdiction and Venue*

6.      This is an action brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a).

7.      This court has jurisdiction over the subject matter of this action under § 502(e)(1) of ERISA, 29 U.S.C. 1132(e)(1), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1332(a) (diversity).

8.      Venue is proper in this district pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the breaches of duty herein alleged occurred in this district and pursuant to 28 U.S.C. § 1391(b) and in that the events giving rise to the claim occurred in this district.

### *History of the Case*

### *Plaintiff's Work History at Pathmark and Pathmark's Withdrawal from the Plan*

9.    Plaintiff, Richard Cohen, worked as a bakery manager at Pathmark Supermarkets ("Pathmark") in Philadelphia, a subsidiary of The Great Atlantic & Pacific Tea Company Inc. (Collectively "A&P") as his only means of employment for approximately forty-six (46) years from December 1969 to August 2015.

10.    Plaintiff was an active member of the Retail, Wholesale and Department Store Union Local 1034 ("RWDSU") while employed at Pathmark.

11.    Certain employers including A&P are parties to collective bargaining agreements with RWDSU (the "CBAs") that obligate them to make contributions on behalf of covered employees to the Pension Plan, including the Plaintiff.

12.    As an employee of Pathmark, Plaintiff participated in and was a beneficiary of the Plan.

13.    Plaintiff accrued 37.75 Total Benefit Credits under the Plan according to the benefit statements that Defendants prepared and provided to Plaintiff.

14.    Plaintiff's benefits under the Plan are 100% vested.

15.    In June 2015, A&P stopped making required contributions to the RWDSU Pension Fund on behalf of covered employees, including Plaintiff.

16.    In July 2015, A&P filed for Chapter 11 bankruptcy for the second time in less than five years and all Pathmark stores were liquidated and closed or sold to competitors.

17.    Defendant RWDSU sued A&P in the 2015 Chapter 11 bankruptcy proceeding indexed at Case No. 15-23007 in the U.S. Bankruptcy Court for the Southern District of New York, for administrative expenses and failure to make contributions required under the CBAs between the parties.

3

18.     Section 3 of the CBAs between RWDSU and Pathmark provides:

> *"Effective October 1, 2008 ("Effective Date"), Pathmark Stores, Inc. shall cease participation in the Retail Wholesale and Department Store International Union and Industry Pension Fund ("RWDSU Fund").*

19.     When A&P ceased to participate in the RWDSU Pension Fund on October 1, 2008, Defendants, Pathmark and A&P no longer had any fiscal or other business interests protectable by the non-competition provisions of the Pension Plan with regard to Plaintiff.

### Plaintiff's Employment at Giant Foods

20.     As Plaintiff's job at Pathmark was his sole means of employment his entire career, Plaintiff was forced to find other employment when A&P ceased operations and sold all of its assets in 2015.

21.     In September 2015, Plaintiff became employed as a Bakery Assistant Manager at Giant Supermarkets ("Giant") at 2350 Susquehanna Road, Abington, Pennsylvania.

22.      Giant is not a party to the CBAs and does not participate in the Pension Plan.

### Plaintiff's Application for Early Retirement Benefits

23.     In August of 2015, Plaintiff at the age of sixty-three applied to the Pension Plan for Early Retirement benefits.

24.     By letter dated September 1, 2015, Defendants denied Plaintiff's application for Early Retirement benefits because they determined that he was currently working in "disqualifying employment" as defined in Chapter 6, subsection B, page 13 of the Summary Plan Description.

25.     Defendants' September 1, 2015 denial letter further states, "You will note disqualifying employment is work either in covered employment, or in the same or related industry or craft under which the RWDSU has jurisdiction, or work in the same industry in which you earned your retirement benefit."

4

26.     By letter dated September 9, 2015, Plaintiff appealed Defendants' initial denial of Early Retirement benefits.

27.     By letter dated October 8, 2015, Defendants denied Plaintiff's appeal (the "Early Retirement Final Determination Letter") for the stated reason that "The work that you described at your current employer [Giant Supermarkets] is disqualifying under current Plan Rules".

28.     The Early Retirement Final Determination Letter is a final determination of Plaintiff's appeal for Early Retirement Benefits and Plaintiff exhausted the claims and appeal procedures and his administrative remedies for such benefits under the Pension Plan.

### *Plaintiff's Application for Normal (Age 65) Retirement Benefits and*

### *Exhaution of Administrative Appeals and Remedies*

29.     In June of 2017, Plaintiff applied to Defendants for Normal Retirement benefits effective as of his sixty-fifth birthday (August 28, 2017).

30.     By letter dated July 26, 2017, Defendants denied Plaintiff's application for Normal Retirement benefits stating that Plaintiff is continuing to work in disqualifying employment as defined in Chapter 6, subsection B, page 13 of the Summary Plan Description.

31.     By letter dated September 16, 2017 Plaintiff appealed the initial determination letter denying Normal Retirement benefits for the reasons that (a) Under ERISA Section 203(a)(3)(B), 29 U.S.C. 1053 (a)(3)(B) and ERISA Section 204(g), 29 U.S.C. 1054(g), the "anti-cut-back" rule, Plaintiff's vested benefits in the Pension Plan cannot be forfeited due to an employee's competition; and (b) The RWSDU Pension Funds and A&P, Plaintiff's now-defunct former employer, had no business interests that are protectable by the Pension Plan's non-competition provision once A&P stopped making required contributions to the RWDSU Pension Fund on

behalf of covered employees including Mr. Cohen in 2015, all Pathmark stores were liquidated and closed or sold to competitors in 2015, and A&P withdrew from the RWDSU Pension Fund.

32.     In the September 16, 2017 appeal letter Plaintiff also requested information including but not limited to the CBAs and all documents evidencing A&P's withdrawal from the Pension Plan, that the Defendants relied on in deciding to deny Plaintiff's application for Normal Retirement benefits, and again by letter dated October 12, 2017.

33.     By letter dated October 20, 2017, Defendants stated that the Board of Trustees would consider Plaintiff's appeal at its next regularly scheduled board meeting in November 2017. In this letter, Defendants conflated the appeals for Early Retirement benefits and Normal Retirement benefits. The letter stated the Board had previously denied Plaintiff's pension appeal and Plaintiff was notified of this decision by letter October 8, 2015. Defendants stated they would hear his appeal of Normal Retirement benefits as a "courtesy." The letter further stated, "the Fund does not maintain copies of collective bargaining agreements."

34.     By letter dated October 31, 2017, Plaintiff again renewed his request for information including the CBAs and clarified that the September 16, 2017 appeal was for Normal Retirement benefits, as distinct from Plaintiff's appeal of the denial of Early Retirement benefits.

35.     By letter dated November 8, 2017, Defendants stated that they would consider Plaintiff's appeal for Normal Retirement benefits at the November 2017 Board of Trustees meeting. Defendants once again stated in the letter that "the Fund does not have copies of the collective bargaining agreements."

36.     Defendants failed to notify Plaintiff of a decision after their November 2017 Board meeting, and by letter dated December 29, 2017, Plaintiff informed Defendants that he still had not received notice of their decision regarding his Normal Retirement benefits.

37.     One hundred and eight (108) days after receiving Plaintiff's appeal, by a letter postmarked January 2, 2018, Defendants notified Plaintiff that they denied his appeal for a Normal pension due to his work in disqualifying employment as defined in the Plan at Article V, Section 14(b) and at page 13 of the Summary Plan Description ("SPD").

38.     Defendants' final determination denying Normal Retirement benefits is a final determination of the appeal and Plaintiff exhausted his administrative remedies under the Pension Plan.

**COUNT I**

**Claim for Benefits; 29 U.S.C. § 1132(a)(1)(B)**

39. Plaintiff restates and re-alleges ¶¶ 1–39 herein.

40.     Defendants wrongfully, arbitrarily and capriciously suspended Plaintiff's Early and Normal Retirement benefits to which he is entitled.

     a.    **Defendants Improperly Suspended Plaintiff's Benefits**

41.     Plaintiff believes this is a case of first impression. The courts have never determined the validity of a non-competition deferral clause in a defined benefit pension plan after the contributing employer went out of business, liquidated, and withdrew from the pension plan.

42.     Under Article V, Section 14(a) of the Plan, "unless specifically waived by a decision of the Board of Trustees", Early Retirement benefits are suspended for any month in which a participant is employed in "Disqualifying Employment" before he or she reaches Normal Retirement Age.

43.     Article V, Section 14(a) of the Plan defines "Disqualifying Employment," for the period before Normal Retirement Age as:

> *(1) employment with any Employer to the Fund; or*
> *(2) employment with any employer or self-employment in the same or related business in the same geographic area as any Employer contributing to the Fund; or*

7

>   *(3) employment or self-employment in any business which is under the jurisdiction of the Union.*

44.    Under Article V, Section 14(b) of the Plan, "unless specifically waived by a decision of the Board of Trustees", <u>Normal</u> Retirement benefits are suspended for any month in which a participant "has worked or was paid for at least 40 hours in Totally Disqualifying Employment."

45. "Totally Disqualifying Employment" is defined under the Plan as:

>   *"employment (or self-employment) that is:*
>   *(A) in an industry covered by the Plan when the Participant's pension payments began;*
>   *(B) in the jurisdiction of the Union when the Participant's pension began; and*
>   *(C) in the same trade or craft or any occupation in which the Participant worked at any time under the Plan. If the Participant does supervisory work relating to the occupation in which he worked at any time under the Plan, it shall be Totally Disqualifying. In any event, any work for at least 40 hours in a month for which contributions are required to be made to the Plan shall be Totally Disqualifying."*

46.    The Minimum Vesting Standards set forth in 29 U.S.C.A § 1053 govern the non-forfeitability of benefits under ERISA.

47.    29 U.S.C.A. § 1053(a) requires that a pension plan provide benefits be non-forfeitable upon the attainment of normal retirement age.

48.    The statute only permits the forfeiture of pension benefits in certain circumstances. Specifically, 29 U.S.C.A. § 1053(a)(3)(B), states:

>   *"A right to an accrued benefit derived from employer contributions shall not be treated as forfeitable solely because the plan provides that the payment of benefits is suspended for such period as the employee is employed, subsequent to the commencement of payment of such benefits...(ii) in the case of a multiemployer plan, in the same industry, in the same trade or craft, and the same geographic area covered by the plan, as when such benefits commenced."*

49.    The policy of permitting non-competition deferral clauses in certain circumstances under 29 U.S.C.A § 1053 is intended,

>   *"to engender loyalty on the part of the employee and offer incentives for the employee to remain. In this context, a non-competition deferral clause furthers the interests of the employer in keeping a valued employee with the company and saving the company the*

*expense of retraining a new employee. Non-competition clauses also advance the company's interest in discouraging employees from leaving and taking with them valuable experience and even clients which could benefit a competitor at the employer's expense. When benefits are provided solely by the employer, it is fair to hold an employee to a non-competition deferral clause because such clauses protect the company, its assets and profits, and consequently its employees through the benefit plan. Brower v. Comark Merchandising, Inc., 949 F. Supp. 1183 (D.N.J. 1996).*

50.     The non-competition deferral rule codified in 29 U.S.C.A § 1053 "was intended to protect the fiscal integrity of the fund." *Dennis v. Bd. of Trustees.*, 620 F. Supp. 572, 576 (M.D. Pa. 1985).

51.     Once A&P stopped contributing to the Pension Plan, liquidated its assets and withdrew from the Pension Fund, the "fiscal integrity" of the Pension Plan could not be harmed by Plaintiff's employment at Giant Supermarket; Defendants and A&P could no longer derive any benefit from enforcement of the non-competition deferral provisions of the Plan; and the only consequence was that Plaintiff was unnecessarily deprived of his Early and Normal Retirement Benefits.

52.     Additionally, 29 U.S.C.A. § 1053(a)(3)(B) prohibits the forfeiture of vested benefits payable after Normal Retirement age. 29 C.F.R. § 2530.203–3; *Dennis v. Bd. of Trustees.*, 620 F. Supp. 572, 576 (M.D. Pa. 1985).

53.     29 C.F.R. § 2530.203–3 captioned "Suspension of pension benefits upon employment," provides in relevant part:

> *"A plan may provide for the suspension of pension benefits which commence prior to the attainment of normal retirement age, or the suspension of that portion of pension benefits which exceeds the normal retirement benefit, or both, for any reemployment and without regard to the provisions of section 203(a)(3)(B) and this regulation to the extent (but only to the extent) that suspension of such benefits does not affect a retiree's entitlement to normal retirement benefits payable after attainment of normal retirement age, or the actuarial equivalent thereof."*

54.     The above-cited provision of Article V, Section 14 of the Plan expressly authorizes the Board of Trustees to decide to waive the non-competition deferral terms of the Plan, and Defendants acted arbitrarily and capriciously in light of A&P's liquidation and withdrawal and

Plaintiff's attainment of Normal Retirement Age when they denied Plaintiff's Early and Normal retirement benefits under the Plan's Article V non-competition deferral clauses.

### b. Defendants Provided Inadequate Notice of Final Determination

55.     ERISA mandates that pension plan fiduciaries provide to participants or beneficiaries minimum notice requirements during the claims procedure.

56.     Specifically, 29 U.S.C.A. § 1133(1) provides:

> *§ 1133 Claims Procedure.*
> *In accordance with regulations of the Secretary, every employee benefit plan shall –*
> *(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant..."*

57.     Additionally, rules and regulations for minimum notice requirements for final denials of benefits claims are set forth in 29 C.F.R. § 2560.503–1(i)(1).

58.     A plan administer must notify a claimant of the final determination no later than sixty days after the receipt of the claimant's request for review by the plan. 29 C.F.R. § 2560.503–1(i)(1)(i).

59.     In cases where the board holds regularly scheduled meetings at least quarterly, the plan administer must "make a benefit determination no later than the date of the meeting of the committee or board that immediately follows the plan's receipt of a request for review, unless the request for review is filed within 30 days preceding the date of such meeting. In such case, a benefit determination may be made by no later than the date of the second meeting following the plan's receipt of the request for review." 29 C.F.R. § 2560.503–1(i)(1)(ii).

60.     In the instant case, Defendants failed to notify Plaintiff of their final determination on Plaintiff's application for Normal Retirement benefits within sixty days.

61.     Defendants received Plaintiff's request for review of Defendants initial denial of Normal Retirement benefits on September 16, 2017, which was more than 30 days before the date of the November board meeting.

62.     Defendants failed to notify Plaintiff of their final determination after their November meeting.

63.     After repeated requests by Plaintiff, Defendants notified Plaintiff of their final determination on January 2, 2018 one hundred and eight (108) days after his request for review.

        c.     **Defendants are liable for a Document Penalty for Intentionally Failing to Provide the CBAs.**

64.     Defendants' repeated assertion that is does not have the CBAs to which it is a party is not credible and evidences bad faith and/or intentional conduct on the part of Defendants.

65.     To date, Defendants have failed and refused to provide the CBAs to Plaintiff despite their obligation to do so under ERISA and Department of Labor regulations including but not limited to 29 U.S. Code §1024(a)(6).

66.     While Defendants did provide the Plan documents to Plaintiff, Defendants' failure and refusal to provide the CBAs severely prejudiced Plaintiff in his ability to pursue his administrative appeal rights as the CBAs are highly probative as to the enforceability of the non-competition deferral provisions of the Plan on which Defendants based their denial of benefits decisions.

67.     On November 22, 2017, Plaintiff faxed a letter to Defendants attaching an excerpt of the CBA which Plaintiff independently obtained, that states Pathmark withdrew from the Pension Plan as of October 1, 2008 and requested that it be made part of the administrative record.

68.     Once Plaintiff independently acquired the CBAs needed to verify that A&P had stopped making contributions and had withdrawn from the Pension Plan, Plaintiff immediately asserted

those facts as a material defense to Defendants' decision to deny his retirement benefits under the Plan's non-competition provisions.

69.     As a result of Plaintiff's multiple requests for the CBAs and other evidence of A&P's withdrawal from the Plan, and Defendants' bad faith/intentional withholding of such information which prevented Plaintiff from asserting a material defense until he obtained the CBAs on his own, Defendants are liable to Plaintiff for a document penalty as authorized under 29 U.S.C. § 1132(c)(1).

WHEREFORE, Plaintiff requests that the Court grant Plaintiff relief as follows:

Entry of an Order providing that (i) Defendants' denial of Early Retirement Benefits and Normal Retirement Benefits was arbitrary and capricious in violation of ERISA, (ii) Plaintiff is entitled to Early and Normal Retirement benefits retroactive to the date of Plaintiff's application for Early Retirement benefits, August 2015, with interest; (iii) Imposing a document penalty on Defendants in favor of Plaintiff as authorized by 29 U.S.C. §1132 (c) (1); (iv) Awarding Plaintiff reasonable attorneys' fees and costs incurred in the prosecution of this action; and (v) such other relief that this Court deems appropriate.

Respectfully submitted,

_____          Dated: April 5, 2018
Kenneth D. Berman (Pa. ID # 34921)
BERMAN LEGAL LLC
1626 Pine Street
Philadelphia, PA 19103
Tel: 215-546-8800
Fax: 215-494-3544
Email: kberman@kdlegal.com